STATE ex rel. COUGET et al. v. REUTER, Registrar of Voters.

No. 17392.

Court of Appeal of Louisiana. Orleans.

March 25, 1940.

Bruce Nunez, of St. Bernard, and A. S. Cain, Jr., of New Orleans, for appellant

R. A. Dowling and J. J. Jackson, both of New Orleans, for mover-appellees.

McCALEB, Judge.

The plaintiffs, Paul Couget and 17 others, filed this proceeding in the Twenty-Fifth Judicial District Court for the Parish of St. Bernard, claiming that they are duly registered and qualified voters of Ward 1, Precinct 1, of St. Bernard Parish, and that their names had been unlawfully and illegally scratched from the registration rolls by the defendant, Mathias Reuter, Registrar of Voters of said Parish. They prayed that alternative writs of mandamus issue against the said Reuter requiring him to show cause why his illegal action in scratching their names from the registration rolls should not be nullified; that he be commanded to reinstate and place their names on said rolls in order that they might be able to vote in the primary election held on January 20, 1940, and, in the alternative, that the said Reuter be ordered by writ of mandamus to permit them to reregister as of January 17, 1940, upon filling out the proper application.

In accordance with the prayer of the petition, an alternative writ of mandamus was issued by the lower court and the defendant was ordered to show cause why said writ should not be made peremptory.

On the day set by the trial court, the defendant Reuter appeared and filed a motion to recuse the judge and also interposed exceptions to the jurisdiction of the court and exceptions of no right or cause of action. Upon the judge's refusal to act on the motion to recuse himself or to dispose of the plea to the jurisdiction, the defendant applied to the Supreme Court for writs of certiorari, mandamus and prohibition. These writs were refused by the Supreme Court on the ground that the question of the judge's recusation was not properly before it and that the pleadings did not reveal that the trial court was without jurisdiction of the case. The defendant's plea to the jurisdiction of the court was based on the ground that the plaintiffs were seeking to compel him to permit them to register as qualified voters of the Parish and, relying upon Article 8, Section 5, of the State Constitution of 1921, he insisted that the case should be tried before a jury of twelve.

In response to this contention, the plaintiffs asserted in the Supreme Court that the proceeding filed by them was not a suit to have them registered but that it was an action to restore them to the status which they already had, namely, "the status of registered voters of St. Bernard Parish, from which they were illegally removed." In their answer, they further stated "that this case does not come under Article 8, Section 5, of the Constitution of 1921, as these petitioners were already on the registration rolls and what they are seeking is to have Mathias Reuter restore them

to their status as registered voters which he illegally deprived them of."

After the Supreme Court denied the writs applied for by the defendant, the case was heard on its merits by the trial judge and the alternative writ of mandamus was made peremptory. The defendant Reuter has appealed suspensively to this court from the adverse judgment.

The plaintiffs-appellees have now filed a motion to dismiss this appeal on the ground ·that this court is without appellate jurisdiction of the case in view of Section 5, Article 8, of the Constitution of 1921, and Section 12 of Act 122 of 1921, Ex.Sess. The constitutional provisions and statute invoked by the plaintiffs-appellees are practically identical, and provide as follows:

"Any person possessing the qualifications for voting prescribed by this Constitution, who may be denied registration, shall have the right to apply for relief to the district court having· jurisdiction of civil causes for the parish in which he offers to register. Said court shall then try the cause, giving it preference over all other cases, before a jury of twelve, nine of whom must concur to render a verdict. This verdict shall be a final determination of the cause. · The trial court may, however, grant one new trial by jury. In no cases shall any appeal lie or any other court exercise the right of review.

"Any duly qualified voter of this State shall have the right to apply to the district court to have stricken off any names illegally placed or standing on the registration rolls of any parish within the jurisdiction of said court; such application shall be tried by preference before a jury of twelve, nine of whom must concur to find a verdict, and no appeal or right of review shall be granted to any party to said cause, except the party whose name is stricken from the registration rolls; this appeal to be returnable to the court of appeal having jurisdiction of appeals from such parish. The finding of said court of appeal shall be final, and the same shall not be reviewed by any other court. Such application and appeals herein above provided for shall be without cost.

"The Legislature shall provide for the prosecution of all persons charged with illegal or fraudulent registration or voting or any other crime or offense against the registration, or election, or primary election, laws."

It will be seen from a mere statement of the· case that the position taken by the plaintiffs is most inconsistent. When the matter was pending in the Supreme Court on writs, they denied that the proceeding was governed by Section 5, Article 8, of the Constitution. It is also to be noted that the case was tried below by the judge without a jury of twelve which is required by the Constitution in cases where persons, who have been denied registration, seek to compel the Registrar of Voters to permit them to register. In truth, the plaintiffs are now asking us to recognize the applicability of a provision which they have attempted to evade throughout the entire case and we hold that this proceeding is an ordinary mandamus case and that we are vested with appellate jurisdiction of the subject matter.

The motion to dismiss the appeal is therefore denied.

Motion to dismiss denied.